IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE COOPER, JR. (TDCJ No. 921917), | § § § | |
| Petitioner, | § § | |
| V. | § § § | No. 3:14-cv-4212-M-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Robert Lee Cooper, Jr., a Texas inmate proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. This action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the habeas application with prejudice on limitations grounds and because the sole claim that Cooper asserts is not cognizable.

**Applicable Background**

In 2010, Cooper was convicted of aggravated sexual assault of a child under 14, after pleading guilty, and he was sentenced to life imprisonment. *See State v. Cooper*, No. F99-23389-IL (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex.). His conviction and

sentence were affirmed on appeal. *See Cooper v. State*, No. 05-00-00707-CR, 2001 WL 477629 (Tex. App. – Dallas May 8, 2001). And the Texas Court of Criminal Appeal ("CCA") refused his petition for discretionary review. *See Cooper v. State*, PD-1149-01 (Tex. Crim. App. Sept. 19, 2001).

Cooper has filed multiple state habeas applications. His first two were filed while his direct appeal was pending and were dismissed for that reason. *See Ex parte Cooper*, WR-46,766-01 (Tex. Crim. App. Sept. 20, 2000); *Ex parte Cooper*, WR-46,766-01 (Tex. Crim. App. Nov. 29, 2000). His third, filed in August 2002, was denied without a written order on the findings of the trial court made without a live hearing. *See Ex parte Cooper*, WR-46,766-03 (Tex. Crim. App. May 19, 2004). And his fourth, fifth, and sixth were dismissed as successive, under Texas's abuse of the writ statute. *See Ex parte Cooper*, WR-46,766-04 (Tex. Crim. App. Sept. 12, 2007); *Ex parte Cooper*, WR-46,766-05 (Tex. Crim. App. Aug. 1, 2012); *Ex parte Cooper*, WR-46,766-06 (Tex. Crim. App. Apr. 30, 2014).

On November 21, 2014, Cooper filed this federal habeas action, in which he asserts one ground for relief – that he is actually innocent. *See* Dkt. No. 1 at 10.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

>   "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if

the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

In his federal habeas application – filed some 13 years after his state conviction became final and more than 10 years after the CCA denied the only one of his state habeas applications to be addressed on the merits – Cooper invokes, as to statutory tolling, the factual predicate provision, Section 2244(d)(1)(D). *See* Dkt. No. 1 at 9 ("factual predicate for the claim was not discovered until June, 2014 in which the Habeas Corpus – Court appointed counsel – forwarded the Medical Report (Never seen before) to the Petitioner. From this factual predicate, which verifies [certain] trial testimony, actual innocence is very well proven"); *see also id.* at 30-33 (portions of Children's Medical Center of Dallas report dated June 16, 1999).

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[, but t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese*, 483 F.3d at 214; *Rivas*, 687 F.3d at 535)).

Under Section 2244(d)(1)(D), the applicable date is the date on which vital facts are first discovered, not when evidence to support those facts is first acquired. "[If] new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate'

for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Rivas*, 687 F.3d at 535 (citations omitted).

For example, in *Flanagan*, the Fifth Circuit noted that the petitioner's statutory tolling argument "that [his] lawyer's affidavit forms part of the factual predicate of his suit because, by not conclusively negating the proposition, the affidavit implicitly support[ed his] claim that he was not informed of his right not to testify" "confus[ed] his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim," where the "affidavit neither change[d] the character of [his] pleaded due process claim nor provide[d] any new ground for [his] federal habeas petition." 154 F.3d at 198-99; *see In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (Section 2244(d)(1)(D) runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim").

Here, Cooper's sole claim is that he is actually innocent. But a stand-alone claim of actual innocence is itself not an independent ground for federal habeas corpus relief. *See McQuiggin*, 133 S. Ct. at 1931 (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases); *see also Schlup*, 513 U.S. at 314 (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution," such as "the withholding of evidence by the prosecution").

As to Cooper's factual-predicate-limitations assertions, then, the undersigned

fails to find that Cooper's

> purported actual innocence claim would in any way invoke the "factual predicate discovery date" provisions of section 2244(d)(1)(D). That section governs one circumstance under which the limitation period begins for challenging a conviction and/or sentence on constitutional grounds. An actual innocence claim is not an independent ground or claim which can be raised in a challenge to a conviction or sentence. Instead, such a claim merely serves as a "gateway" to allow consideration of otherwise barred claims.

*Martinez v. Stephens*, No. 2:14-cv-152, 2015 WL 4597554, at *2 (N.D. Tex. July 30, 2015); *see also Hammack v. Quarterman*, No. 4:06-cv-111-A, 2006 WL 1831329, at *3 (N.D. Tex. June 30, 2006) ("Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings, Hammack is not entitled to tolling under § 2244(d)(1)(D)." (collecting cases)); *Morales v. McNeil*, No. 09-21335-Civ, 2010 WL 2976552, at *4 (S.D. Fla. June 14, 2010), *rec. adopted*, 2010 WL 2976550 (S.D. Fla. July 20, 2010) ("[T]o the extent that any or all of the affidavit testimony is being offered in support of the petitioner's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under § 2244(d)(1)(D), because this evidence suggesting his innocence is actually the claim itself, rather than the factual predicate of an independent claim. Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation, the petitioner would not be entitled to tolling under § 2244(d)(1)(D)." (collecting cases)).

Since no other provision of 28 U.S.C. § 2244(d)(1) plausibly could apply, the

current Section 2254 application is therefore due to be denied as untimely absent non-statutory tolling of the limitations period.

As to actual innocence as a basis to toll any plausible constitutional claim Cooper may be asserting, the medical records on which Cooper relies as evidence of his innocence are not newly discovered – rather, they were evidence considered by the trial court in 2000. *Compare* Dkt. No. 1 at 30-33, *with* Dkt. No. 14-5 at 126-32 (exhibit no. 5 admitted at April 24, 2000 guilt/innocence deliberations); *cf. In re Masterson*, ___ F. App'x ___, Nos. 16-20031 & 16-20036, 2016 WL 197255, at *2 n.4 (5th Cir. Jan. 15, 2016) (per curiam) ("Dr. Roberts's criticisms of the autopsy report are not based upon a 'new' factual predicate but upon the original autopsy presented at the original trial, which was previously reviewed by two different defense experts (one at the original trial and one as part of the original state habeas proceeding). Dr. Roberts's 'new' criticisms of an old document are not 'new' within the meaning of successive habeas applications.").

Cooper also has not established that equitable tolling applies. *See Martinez*, 2015 WL 4597554, at *3 ("Even if the limitation period could be equitably tolled pending discovery of the factual predicate of an actual innocence claim," "petitioner could have discovered his actual innocence 'gateway' claim at the time of his conviction and would not qualify for equitable tolling.")

**Recommendation**

The Court should deny the application for a writ of habeas corpus with prejudice because it is barred by limitations and because the sole claim for relief Cooper asserts

is not cognizable.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 21, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE